```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                      Criminal No. 09-cr-178-JD
                                          Opinion No. 2011 DNH 080

Peter Kavalchuk, et al.

### O R D E R

Defendant Peter Kavalchuk was indicted on November 12, 2009, and charged with conspiring to traffic in counterfeit goods in violation of 18 U.S.C. §§ 371 and 2320, trafficking in and attempting to traffic in counterfeit goods in violation of 18 U.S.C. §§ 2 and 2320(a), and making a false statement to a federal agent in violation of 18 U.S.C. § 1001.  Kavalchuk now moves for a bill of particulars, pursuant to Federal Rule of Criminal Procedure 7(f), detailing the exact statement that forms the basis for the charge under § 1001, the date, time and location at which he is alleged to have made the statement, and the individual to whom he is alleged to have made the statement. The government objects to the motion.

### Background

Count Four of the Superceding Indictment charges Kavalchuk with knowingly and willfully making "a false, fraudulent, and

fictitious material statement and representation" in violation of 18 U.S.C. § 1001.  The indictment states that on April 28, 2008, during the execution of a search warrant at the business premises of Kavalchuk's co-defendant and employer, East West, Kavalchuk falsely stated "no" when an Immigration and Customs Enforcement Special Agent asked him whether East West had or used any remote storage facilities for the storage of computer parts.

At an evidentiary hearing held on March 15, 2011, ICE Special Agent Donald Lenzie testified that Kavalchuk in fact made two separate statements that East West did not have remote storage facilities during the execution of the search warrant. Lenzie testified that he first asked Kavalchuk whether East West had any remote storage facilities early in the search, while reviewing with Kavalchuk the terms of the search warrant.  Lenzie then testified that he posed the question to Kavalchuk for a second time later in the day, when he became concerned that agents were finding limited amounts of inventory on the property.

The court met with counsel for a pre-trial conference on April 11, 2011.  During the conference, the government indicated that it intended to introduce evidence concerning only the second alleged false statement.

Discussion

"Motions for bills of particulars are seldom employed in modern practice." United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993).  They "need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." Id. at 1192-93.  Whether, and the extent to which, a bill of particulars should be granted is determined based on the facts and circumstances presented in each case, and is within the discretion of the trial court.  See id. at 1193.

Kavalchuk argues that a bill of particulars is necessary because the government has introduced two allegedly false statements, and the indictment does not specify which of the two statements forms the basis for the charge against him under § 1001.  The government represented at the April 11, 2001, conference and again in its opposition to Kavalchuk's motion that it intends to offer evidence concerning only the second of the two statements.  (Doc. 106, p. 1).  The government further represented in its opposition that the evidence it will introduce will be consistent with the testimony of Agent Lenzie and ICE Special Agent Gregory Squire, on both direct and cross examination, at the March 15, 2011, suppression hearing.

At the suppression hearing, Lenzie and Squire testified that Peter Kavalchuk made the second statement shortly after 11:00 a.m. on April 28, 2008, during the execution of the search warrant at 2 Victory Lane, which is the home of Peter Kavalchuk's brother, co-defendant Paul Kavalchuk, as well as East West's business premises.  Lenzie and Squire testified that they sat down with Peter and Paul Kavalchuk at the kitchen table in Paul Kavalchuk's home.  Lenzie told the Kavalchuks that he was concerned that agents were finding only limited amounts of inventory on the property when, based on his knowledge of the investigation, he would have expected to find hundreds of computer parts.  Lenzie asked the Kavalchuks if East West had any offsite storage facilities.  Peter Kavalchuk said that East West did not.  He stated that inventory came in and went out the door, and that they did not like keeping inventory on site.

In light of the government's representation that it plans to litigate only the second statement, and the fact that Peter Kavalchuk has access to the evidence against him, the court concludes that Kavalchuk has sufficient information to defend against the § 1001 charge.  Therefore, a bill of particulars is not necessary.

Conclusion

For the foregoing reasons, Peter Kavalchuk's motion for bill of particulars, (doc. no. 103), is DENIED.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 17, 2011

cc:  Seth R. Aframe, Esquire
     William E. Christie, Esquire
     Steven M. Gordon, Esquire
     Arnold H. Huftalen, Esquire
     Richard F. Monteith, Jr., Esquire
     Robert J. Rabuck, Esquire